BEAUCHAMP
vs
WHITE.

*Shuck* for appellant.

---

CHANCERY.

Case 113.

June 20.

The case stated.

## Beauchamp vs White.

APPEAL FROM THE NELSON CIRCUIT.

*Specific performance. Unconscientious bargain.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS was a bill filed by the appellee to enforce specifically, a purchase made by White, of a tract

of land under executions in favor of White *et al.* vs the Beauchamps, and which land White afterwards purchased at a small price, under a second execution.

The Chancellor properly refused to interfere under the facts appearing in the record, to enforce specifically, the purchase under the first sale. But the defendant, White, ought not to be permitted to hold the land at the sacrifice at which he purchased at the second sale. It would not be equitable to allow him to do so, as the probability is, indeed it is obvious, that he must have acquired it at so great a sacrifice, by reason of its embarrassed condition, produced by his first purchase and refusal to comply with the same. This circumstance, together with the fact that White assents to the redemption under the last sale, and expresses himself willing to receive the money due him, authorized the Chancellor to allow the redemption. But instead of decreeing the sale of the land for the small sum bid at the last sale, and dissolving the injunction as to the residue of the judgment, as the Chancellor had possession of the whole subject, he should have rescinded the second purchase and ordered a sale of the whole tract, or so much thereof as would suffice, in satisfaction of the entire residue of the judgment, as well as of the amount bid at the second purchase, with interest, retaining the cause upon the docket, and the injunction, until the sale was effected and the report thereof made to the Court. And if the whole amount of both demands was not made, then dissolving the injunction as to the residue only, of the amount of the judgment not made. To allow a sale of the land for the small sum of $100, while the execution for the residue of the judgment was let loose against the complainants, was calculated to produce a sacrifice and do injury to the complainants. If the land was bought too high under the first sale, and for this and other causes, ought not to be specifically enforced, and at a sacrifice under the second sale, by reason of its embarrassed condition, it was equitable for the Chancellor to remove the embarrassments arising from either, and to decree a sale of the land, discharged of those incumbrances, in satisfaction of so much of the entire de-

BEAUCHAMP
*vs*
WHITE.

A creditor purchased a tract of land under his own execution, and refused to comply with the terms of the sale, afterwards purchased at a second sale, at a reduced price—Held that he could not hold under the last purchase, but that so much of the land should be re-sold as would pay the debt, &c.

mand, as it would command, and then to dissolve the injunction as to the residue of the judgment.

The decree of the Circuit Court is, therefore, reversed and cause remanded, that a decree may be rendered as indicated.

*Harlan & Craddock* for appellant: *Grigsby* for appellee.